Filed 3/3/23  In re P.F. CA4/2
*See Concurring and Dissenting Opinion*

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

|  |  |
|---|---|
| In re P.F. et al., a Person Coming Under the Juvenile Court Law. | |
| RIVERSIDE COUNTY DEPARTMENT OF PUBLIC SOCIAL SERVICES,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>D.F.,<br><br>        Defendant and Appellant. | E079489<br><br>(Super.Ct.No. SWJ2200160)<br><br>OPINION |

APPEAL from the Superior Court of Riverside County.  Michael J. Rushton,

Judge.  Affirmed in part; reversed in part and remanded with directions.

Jill Smith, under appointment by the Court of Appeal, for Defendant and

Appellant.

Minh C. Tran, County Counsel, Teresa K.B. Beecham ad Julie K. Jarvi, Deputy

County Counsel, for Plaintiff and Respondent.

1

D.F. (father) appeals from the juvenile court's jurisdictional and dispositional orders as to his children, P.F. and N.F. (the children). Father's sole contention on appeal is that the juvenile court and the Riverside County Department of Public Social Services (DPSS) failed to comply with their duty of initial inquiry under the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) (ICWA) and related California statutes. DPSS concedes error. We vacate the court's finding that ICWA did not apply and remand for compliance with ICWA and related California law, but otherwise affirm the jurisdictional and dispositional orders.

PROCEDURAL BACKGROUND

On April 5, 2022, a Welfare and Institutions Code[1] section 300 petition was filed on behalf of the children alleging they came within subdivisions (b) (failure to protect) and (g) (no provision for support). The children lived with father, and the whereabouts of their mother, J.P. (mother)[2] were unknown. A California Judicial Council Forms, form ICWA-010 (Indian Child Inquiry Attachment) was filed with the petition, stating that father was questioned and did not give DPSS a reason to believe the children were Indian children.

At the initial hearing held on April 20, 2022, father appeared along with the paternal stepgrandfather and a paternal aunt. The court asked father if he had any Native

---

[1] All further statutory references will be to the Welfare and Institutions Code unless otherwise indicated.

[2] Mother is not a party to this appeal.

2

American ancestry, and he responded, "Not enough to even speak of." Father stated his aunt said the family had some Native American ancestry, but he "never went and actually did everything." The court asked father if he knew of a tribe he might be affiliated with, and father responded, "No. It's not even enough." He added, "I can't even get you any information if we are. I just heard from the grapevine in my family that we have enough Indian as to get free Medi-Cal on the reservation." The court concluded, "I don't believe I have reason to believe at this point in time with that rumored information, so I'll adopt the ICWA findings" that DPSS conducted a sufficient inquiry and ICWA did not apply to these proceedings. The court asked father if mother had any Indian ancestry, and he said no. The court then detained the children in foster care. That day, father filed a Judicial Council Forms, form ICWA-020 (Parental Notification of Indian Status), indicating that none of the options on the form applied (e.g., neither he nor the children were members of, or eligible for membership in, an Indian tribe).

On May 6, 2022, the social worker filed a jurisdiction/disposition report stating that on April 29, 2022, father denied there was Native American ancestry in his family. She also reported the children were placed in an approved non-relative extended family members (NREFM) home. The social worker further reported that DPSS was continuing its efforts to locate mother. On May 3, 2022, a social worker made an in-person visit to mother's last known address and contacted the maternal grandmother, who said mother had not lived at that address in several years.

The social worker reported that there were relatives to consider for placement. On April 20, 2022, a referral was submitted to the Relative Family Approval (RFA) unit for

3

the paternal aunt (C.F.) to be assessed for emergency placement, but she was denied due to her child welfare and criminal histories. On May 3, 2022, the social worker apparently spoke with the paternal grandmother on the phone and gave her the information needed to be considered for placement.

The social worker subsequently reported that father had a visit with the children on June 19, 2022, and the paternal grandparents (L.H. and J.H.) attended and paid for the children's meals.

The court held a jurisdiction hearing on May 10, 2022, and noted that the paternal aunt and the paternal grandfather were present in the courtroom. Father's counsel set the matter for contest and noted that father was currently living with the paternal aunt and wanted the children to come home. The court stated it would allow DPSS to increase the frequency and location of the visits, as long as they were supervised. Then, the paternal grandfather raised his hand and said he wanted visits for the family. The court thus authorized relatives to have visits.

The court held a contested jurisdiction hearing on June 10, 2022, and a maternal aunt (S.M.) was present. Counsel for the children asked for a continuance and requested that the court assess the maternal aunt for placement. Father objected to that placement, noting that the paternal aunt was in the final stages of approval for placement, and he wanted the children placed with her. The court ordered DPSS to commence an assessment of the maternal aunt, and then set the matter for contest.

On June 28, 2022, the court held the contested jurisdiction hearing. Although father appeared telephonically, the paternal grandfather, a paternal cousin, and the

4

maternal aunt were present in the courtroom. The court was informed that the maternal aunt had been approved for placement, but the paternal aunt's approval was still pending. Then the paternal grandfather addressed the court and asked for visitation and placement of the children. The court engaged in a discussion with him and said it would order unsupervised visitation and order DPSS to initiate a relative placement. The court set the matter for July 19, 2022.

On July 19, 2022, the court held a hearing, and father was present, along with the paternal grandfather and paternal cousin. The court found that DPSS did a sufficient inquiry regarding whether the children may have Indian heritage and that ICWA did not apply. It then sustained the petition, adjudged the children dependents of the court, removed them from father's custody, and ordered reunification services.

### DISCUSSION

Father contends the juvenile court and DPSS failed to comply with their initial duty of inquiry with respect to ICWA and, thus, there was insufficient evidence to support the court's finding that ICWA did not apply. He requests this court to reverse the jurisdiction and dispositional findings and orders and remand the matter for compliance with ICWA. DPSS concedes it failed to comply with its initial duty of inquiry, but argues there is no need to vacate any findings and orders since its ICWA duties are continuing. We vacate the ICWA finding and remand for compliance with ICWA and related California law but otherwise affirm the jurisdictional and dispositional orders.

5

A. *Applicable Law*

ICWA requires that notice of the state court proceedings be given to Indian tribes "where the court knows or has reason to know that an Indian child is involved, . . ." (25 U.S.C. § 1912(a); see *In re Isaiah W.* (2016) 1 Cal.5th 1, 8 (*Isaiah W.*); *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 740-741 (*Benjamin M.*).) ICWA's notice requirement, which is also codified in California law (§ 224.3), "enables a tribe to determine whether the child is an Indian child and, if so, whether to intervene" in the state court proceeding or exercise its own jurisdiction in the matter. (*Isaiah W.*, at p. 5.)

Although "ICWA itself does not impose a duty on courts or child welfare agencies to inquire as to whether a child in a dependency proceeding is an Indian child," federal regulations implementing ICWA "require that state courts 'ask each participant in an emergency or voluntary or involuntary child-custody proceeding whether the participant knows or has reason to know that the child is an Indian child.' [Citation.] The court must also 'instruct the parties to inform the court if they subsequently receive information that provides reason to know the child is an Indian child.' " (*In re Austin J.* (2020) 47 Cal.App.5th 870, 882-883 (*Austin J.*), superseded by statute on other grounds as stated in *In re E.C.* (2022) 85 Cal.App.5th 123, 147; see 25 C.F.R. § 23.107(a) (2022).)

Under California law, the juvenile court and social services agency have "an affirmative and continuing duty to inquire" whether a child subject to a section 300 petition may be an Indian child. (§ 224.2, subd. (a).) This duty consists of three phases: the initial duty to inquire, the duty of further inquiry, and the duty to provide formal

6

ICWA notice. (*In re D.F.* (2020) 55 Cal.App.5th 558, 566.) Only the initial duty of inquiry is at issue here.

The duty of initial inquiry begins with the initial contact when DPSS must ask "the party reporting child abuse or neglect whether the party has any information that the child may be an Indian child." (§ 224.2, subd. (a).) Once a child is taken into temporary custody, DPSS must ask the child, parents, legal guardian, extended family members, and others who have an interest in the child whether the child is or may be an Indian child. (§ 224.2, subd. (b).) Extended family members include adults who are the child's stepparents, grandparents, aunts, uncles, brothers, sisters, nieces, nephews, or first or second cousins. (25 U.S.C. § 1903(2); § 224.1, subd. (c).) DPSS is obligated "to make a meaningful effort to locate and interview extended family members to obtain whatever information they may have as to the child's possible Indian status." (*In re K.R.* (2018) 20 Cal.App.5th 701, 709.) The juvenile court "has a responsibility to ascertain that the agency has conducted an adequate investigation and cannot simply sign off on the notices as legally adequate without doing so." (*Ibid.*) If the court finds that DPSS has complied with its duty of inquiry and there is no reason to know that the child is an Indian child, then the court may find that ICWA does not apply. (§ 224.2, subd. (i)(2); Cal. Rules of Court, rule 5.481(b)(3)(A).) "A juvenile court's finding that ICWA does not apply implies 'that social workers had fulfilled their duty of inquiry.' " (*In re Dominick D.* (2022) 82 Cal.App.5th 560, 567 (*Dominick D.*), citing *Austin J., supra*, 47 Cal.App.5th at p. 885.)

7

"[W]e review the juvenile court's ICWA findings under the substantial evidence test, which requires us to determine if reasonable, credible evidence of solid value supports the court's order." (*In re A.M.* (2020) 47 Cal.App.5th 303, 314; see *Austin J.*, *supra*, 47 Cal.App.5th at p. 885 [implicit finding, reviewed for substantial evidence, that social workers fulfilled their duty of inquiry].)

B. *The Court's ICWA Finding Is Not Supported by Substantial Evidence Since DPSS Failed to Satisfy its Duty of Inquiry*

Father argues the juvenile court's finding that ICWA does not apply is not supported by substantial evidence since DPSS did not discharge its statutory duty of initial inquiry. DPSS concedes "the record does not reflect that relatives who were readily available were asked about Native American ancestry in the family" and acknowledges that it must comply with its duty to complete all appropriate inquiries. We agree with the parties that DPSS failed to satisfy its initial duty of inquiry.

Section 224.2 required DPSS to inquire of the children's extended family members regarding their possible Indian ancestry, and it was error for DPSS to fail to do so. (*In re Antonio R.* (2022) 76 Cal.App.5th 421, 431; *In re J.W.* (2022) 81 Cal.App.5th 384, 389 [error not to ask the mother's extended family members about their Indian ancestry despite having contact with a grandmother, uncle, and aunt].) There were both maternal and paternal relatives available for inquiry throughout the case. DPSS had contact with the maternal grandmother, the maternal aunt (S.M.), the paternal aunt (C.F.), and the paternal grandparents. Furthermore, the paternal grandfather, a paternal cousin,

8

the paternal aunt, and the maternal aunt attended various hearings.[3]  Yet, nothing in the record suggests these relatives were asked about the children's Indian ancestry.  By failing to ask these extended relatives about Indian ancestry, DPSS failed to discharge its duty of initial inquiry.  (*Dominick D.*, *supra*, 82 Cal.App.5th at p. 567.)

"ICWA inquiry and notice errors do not warrant reversal of the juvenile court's jurisdictional or dispositional findings and orders other than the ICWA finding itself." (*Dominick D.*, *supra*, 82 Cal.App.5th at p. 567; see *In re S.H.* (2022) 82 Cal.App.5th 166, 175 (*S.H.*) [where parent on appeal solely challenges finding that ICWA does not apply, "we need not disturb the juvenile court's jurisdiction/disposition order just because the duty of initial ICWA inquiry has not yet been fully satisfied"]).  The appropriate disposition is to affirm the findings and orders, but vacate the finding that ICWA does not apply, and "direct the juvenile court on remand to order [DPSS] to comply with its inquiry and (if applicable) notice obligations under ICWA and related California law." (*Dominick D.*, at pp. 567-568.)

DPSS contends there is no need to vacate the ICWA finding because ICWA obligations are continuing duties.  In support of its position, DPSS cites *In re Baby Girl M*. (2022) 83 Cal.App.5th 635, in which the father argued the county agency failed to comply with its obligations under ICWA and related California law.  (*Id*. at pp. 636-637.) However, in that case, the court dismissed the appeal as moot, since no effective relief

---

[3]  Father mentions that the paternal stepgrandfather was available, but not questioned.  However, it does not appear that he would be considered an extended relative of the children.  (25 U.S.C. § 1903(2); § 224.1, subd. (c).)

could be granted, as the county agency started complying with its inquiry duties after the appeal was filed. (*Id*. at pp. 638-639.) Here, there is no indication DPSS has started complying with its duties.

We acknowledge that the First District Court of Appeal, in a case with a similar procedural posture as the instant case, chose to simply affirm the dispositional order and did not vacate the ICWA finding. (*S.H.*, *supra*, 82 Cal.App.5th at pp. 179-180.) However, we follow our court's disposition in *Dominick D.* and vacate the ICWA finding and remand for compliance. (*Dominick D.*, *supra*, 82 Cal.App.5th at pp. 567-568.)

## DISPOSITION

The finding that ICWA does not apply to the proceedings is vacated and the matter is remanded to the juvenile court. The juvenile court is directed to order DPSS to comply with its inquiry and (if applicable) notice obligations under ICWA and related California law. In all other respects, the jurisdiction and dispositional findings and orders are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
J.

I concur:

MILLER
Acting P. J.

10

*In re P.F. et al.; DPSS v. D.F.*, E079489]

MENETREZ, J., Concurring and Dissenting.

In my view, the expanded duty of initial inquiry under subdivision (b) of Welfare and Institutions Code section 224.2 applies only if the child was taken into temporary custody without a warrant pursuant to Welfare and Institutions Code section 306. (See *In re Adrian L.* (2022) 86 Cal.App.5th 342, 355-359 (conc. opn. of Kelley, J.).) The child in this case was detained pursuant to a warrant, so the expanded duty of initial inquiry under subdivision (b) of Welfare and Institutions Code section 224.2 does not apply. I therefore respectfully dissent from the majority opinion's reasoning and result concerning the Indian Child Welfare Act of 1978 (25 U.S.C. § 1901 et seq.) and related California law, but I otherwise concur. I would affirm the juvenile court's findings and orders in their entirety.

MENETREZ       
J.

1